# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2433

_____

Larry Sieler,                                    *
                                                 *
                    Appellant,                   *
                                                 *   Appeal from the United States
         v.                                      *   District Court for the District
                                                 *   of Nebraska.
Marriott International, Inc.;                     *
Marriott Senior Living Services, Inc.,           *        [UNPUBLISHED]
                                                 *
                    Appellees.                   *

_____

Submitted:  January 14, 2003

Filed:  January 23, 2003

_____

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Larry Sieler appeals the district court's[*] adverse grant of summary judgment in his state law employment case. We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party and affirming if there is no genuine issue of material fact and the moving party is entitled to judgment

_____

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

as a matter of law.  Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832 (8th Cir. 2002) (standard of review).

In 2000, Sieler was terminated by his employer, Marriott International, Inc. and Marriott Senior Living Services, Inc. (collectively "Marriott").  Sieler never signed an employment contract, but he contends several of Marriott's written and oral representations formed a contract and his termination violated this contract.  Having reviewed the record, we conclude the written and oral representations on which Sieler's argument relies were not sufficiently definite and binding on Marriott to form a unilateral contract under Nebraska law.  Hillie v. Mut. of Omaha Ins. Co., 512 N.W.2d 358, 361-62 (Neb. 1994).  In his attempt to create a contract, Sieler first points to two Marriott policies in the employee handbook and human resources manual which appear to obligate Marriott.  The handbook and manual, however, both allow Marriott to change the relevant policies at any time, if not cancel them altogether.  Sieler next highlights Marriott's written offer of employment in August 2000, but this offer also says "this does not constitute a contract of employment for any period of time."  Sieler last relies on a July 2000 conversation in which he discussed with his supervisor and another Marriott employee the job responsibilities and salary structure of the position he held when he was terminated.  Nevertheless, as far as this conversation is concerned, Sieler does not present more than his subjective understanding that the parties agreed about the duration of Sieler's employment.  Id. at 362.  Thus, we conclude Sieler did not have an employment contract with Marriott, but was an at-will employee who could be terminated at any time and without reason.  Blair v. Phys. Mut. Ins. Co., 496 N.W.2d 483, 486 (Neb. 1993) (defining at-will employment).

Sieler argues in the alternative that Marriott violated Nebraska's public policy exception to the at-will employment doctrine because it terminated him for refusing to violate the law or public policy at Marriott's request.  Malone v. Am. Bus. Info., 634 N.W.2d 788, 790-93 (Neb. 2001) (summarizing Nebraska's public policy

exception). Sieler alleges that after Marriott suspended him but before it terminated him, Marriott used Sieler's administrator's license to operate a nursing home in violation of state law. Because Sieler has failed to demonstrate that Marriott asked him to do anything improper, however, he is not protected by the public policy exception.

We thus affirm the judgment of the district court. We also deny the appellees' motion for double costs and attorney's fees.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.